**Henry E. HAIL, Appellant,**

**v.**

**H. O. COOK, Sam Holloway, W. V. Howard, All Trustees of Bethel Missionary Baptist Church, Alpine, Kentucky, Appellees.**

Court of Appeals of Kentucky.

Oct. 5, 1956.

H. K. Spear, Somerset, for appellant.

Fritz Krueger, Somerset, for appellee.

CLAY, Commissioner.

Appellant, Henry E. Hail, brought this action against the trustees of the Bethel Missionary Baptist Church of Alpine, Kentucky, to cancel two deeds executed in 1939 and 1954. The Chancellor denied the relief sought.

The deeds specifically provide that the real estate conveyed shall revert to the grantor in the event the grantees fail to comply with the covenants thereof. The issue presented is whether or not the conditions of the deeds have been violated to such an extent that a forfeiture should be adjudged.

In 1939 appellant conveyed to the trustees of the Bethel Missionary Baptist Church a plot of ground for the erection of a church building. This deed provided that the premises "shall not be used by any other faith or belief than that of the Missionary Baptist except for conducting funeral

services", and further provided the premises should not be used "for any other purpose whatever except for religious services of the Missionary Baptist Church".

A similar deed to the same property was executed and accepted by the trustees of the Church in 1954. This deed, designated as a "deed of correction", provided that the premises should not be used by any other faith or belief than that of the Missionary Baptist *Convention,* and further provided that they should *not* be used by "United, Free-Will, or any other Denominations".

The evidence for appellant, which was not counteracted by any evidence for appellees, established the following facts. Missionary Baptists and United Baptists have different concepts with respect to the importance of missions in the Church. The former have an established program for missionary services and contributions therefor. There is testimony that the United Baptists do not emphasize missionary work, and as a matter of fact, have been known to oppose it.

For the last several years a number of United Baptist ministers have preached at the Bethel Church. In 1954 a resolution was adopted by the congregation of the Church to join the United Cumberland River Association, which is a United Baptist organization. There is evidence that this resolution was subsequently rescinded, but that this rescission has not been made effective. The 1954 minutes of the Cumberland River Association of United Baptist Churches list the Bethel Church as one of its members.

The evidence is convincing that there has been a definite movement in this Church to convert it from a Missionary Baptist to a United Baptist Church. It is apparent that attempts have been made to interfere with the missionary program of the Church and that concerted efforts have been made to induce the congregation to change from a Missionary Baptist to a United Baptist organization.

The Chancellor apparently took the view that Baptists are Baptists, and as long as the congregation had not departed from the fundamental beliefs of the Baptist faith the terms of the deed have not been violated. Appellees in their briefs likewise argue that unless the Church had departed from the fundamental doctrines of the Baptist Church, the conditions of the deeds had not been violated and the court should not interfere. It is further contended that the missionary activities of the Missionary Baptists are simply a matter of procedure and that the differences between the two types of churches are not of sufficient significance to warrant the cancellation of the deeds.

We take a different view. The terms of the deeds make it clear that the grantor was insistent upon the carrying out of the Missionary Baptist beliefs in this Church. In his second deed he very specifically excluded the United Baptists. It is contended by appellees that this second deed was invalid because in derogation of the first grant and because the original parties to the first deed did not consent to the changed terms. We do not believe it necessary to analyze the legal effect of the second deed because it did little more than correctly interpret the terms of the first deed and because we think the terms of the first deed were violated.

The terms of the first deed specified that the premises should not be *used* by any faith or belief other than that of the Missionary Baptist. We would not go so far as to say that this prohibited the congregation from inviting other pastors of other faiths to preach on appropriate occasions, but it does appear from the uncontradicted evidence that this Church is being substantially used to advance the beliefs and objectives of a different religious group.

The Chancellor in his opinion admonished the church members that this Church must remain Missionary Baptist, but even if some or most of them still believe in its doctrines, the premises are actually being

used to promote the United Baptists. This is contrary to the expressed intention of the grantor in his deed of 1939.

By his deed in 1954 the grantor took steps to induce the Church to rededicate itself to Missionary Baptist principles. It is clear from this record that the intentions of the grantor were adequately expressed and understood by the membership. In spite of this admonition, stated and restated, the Missionary Baptist Church has violated the conditions of these deeds. According to their terms the property should revert to the grantor and the Chancellor should have so adjudged. We trust that the grantor will carry out his expressed intention of reconveying this property to such an organization as will carry out the faiths, beliefs and objectives of the Missionary Baptists.

The judgment is reversed for the entry of a judgment in conformity with this opinion.